UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALE SUNTER,

               Petitioner,

      - against -

MICHAEL CAPRA,

               Respondent.

MEMORANDUM
OPINION & ORDER

13-CV-1551 (CM) (RLE)

**THE HONORABLE RONALD L. ELLIS, U.S.M.J.:**

## I. INTRODUCTION

*Pro se* Petitioner Male Sunter ("Sunter") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 6, 2013. (Doc. No. 1.) On April 25, 2014, Respondent submitted its declaration in opposition. (Doc. No. 25.) On August 11, 2014, Petitioner submitted his reply to Respondent's opposition.

The Court held a telephonic conference with the Parties on July 10, 2014, to address concerns raised by Sunter regarding his petition. On July 22, 2014, Sunter submitted a letter with four requests: (1) an application for the Court to request *pro bono* counsel; (2) an Order compelling Respondent to produce court records from June 12 and June 13, 2006; (3) a transcript of the July 10 telephonic conference; and (4) an enlargement of time to complete his reply. (Doc. No. 30.)

## II. REQUEST FOR *PRO BONO* COUNSEL

In his application for the Court to request *pro bono* counsel, Sunter writes that one of his fellow inmates has been helping him "navigate the various legal procedures which must be followed" under 28 U.S.C. § 2254, and that he has written to several law firms "asking if they

1

could consider taking [his] case pro bono." (Doc. No. 30.) Despite these efforts, Sunter explains that the case has gotten too involved for him. (*Id.*)

The Second Circuit has articulated the factors that a court should consider in deciding whether to appoint counsel for an indigent civil litigant under 28 U.S.C. § 1915(d). The court "exercises substantial discretion, subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (*citing Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The court's first inquiry is whether plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). If the court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and determine whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). "Courts do not perform a service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention." *Cooper*, 877 F.2d at 174.

After the two threshold determinations have been made as to indigence and merit, the court has discretion to consider the following factors: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues involved; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Hodge*, 802 F.2d at 61-62.

Sunter satisfies the first element because he has established that he cannot afford to obtain counsel. However, the second element is not met because Sunter has not raised an issue that requires counsel. He is articulate enough to know what his claims are, and to explain his position to the Court. The Court also notes that his case is now fully briefed and ready for a

recommendation. Therefore, Sunter's application for the Court to request *pro bono* counsel is **DENIED**.

### III.    REQUEST FOR JUNE 2006 TRANSCRIPTS

During the July 10 telephonic conference, Sunter asked the Court to compel Respondent to produce court records from 2006 that were not transcribed at the time. Respondent explained that it did not have transcripts of the court proceedings referenced, and relied on evidence in the record. The Court denied Sunter's request, noting that all state court decisions were made without transcripts of the identified 2006 court proceedings. The Court further noted that Sunter and Respondent were similarly situated, since neither Party had a transcript of those proceedings.

Sunter now renews his request for the Court to compel Respondent to produce court records of the pretrial proceedings. He specifies that he requires transcripts of the proceedings from June 12, 2006, and June 13, 2006. (Doc. No. 30.) He states that without the transcripts of the proceedings, he "will be unable to establish the argument which I wish to make in my petition." (*Id.*)

Sunter's request is **DENIED**. He has pointed to no new facts or law that the Court ignored in making its decision during the July 10 phone call. Because Respondent has represented that it does not have transcripts from the June 2006 proceeding referenced, the Court cannot compel Respondent to produce documents it does not have.

### IV.    REQUEST FOR JULY 10 TELEPHONIC CONFERENCE TRANSCRIPT

In his letter, Sunter requests a copy of the transcript from the July 10, 2014 telephonic conference. (Doc. No. 30.) Although the telephonic conference was recorded, it was not transcribed. Transcription requests take approximately 30 days to complete. Because this case is fully briefed and ready for a Report and Recommendation, the Court finds that the delay is

3

unjustified. Furthermore, the central issues raised in the telephonic conference are summarized in this Order. Sunter's request for a transcript of the telephonic conference is **DENIED**.

## V. REQUEST FOR ENLARGEMENT OF TIME TO REPLY

Sunter's final request is for an extension of time to file his reply until August 10, 2014. (Doc. No. 30.) This request was orally granted at the July 10, 2014 telephonic conference and Sunter submitted his reply on August 11, 2014. Therefore, Sunter's request for an enlargement of time is **GRANTED** *nunc pro tunc*.

## VI. CONCLUSION

Sunter's application for the Court to request *pro bono* counsel is **DENIED**; his request for the Court to compel Respondent to provide transcripts from 2006 proceedings is **DENIED**; his request for a copy of the transcript of the July 10, 2014 telephonic conference is **DENIED**; and his request for an enlargement of time to complete his reply is **GRANTED** *nunc pro tunc*.

**SO ORDERED this 17th day of September 2014**
**New York, New York**

*(signature)*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

A copy of this Opinion & Order was sent to:

Male Sunter
06-A-4107
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

4